Scott, J.
Plaintiffs in error claim that the district court •erred in affirming the judgment rendered by the court of common pleas. Should .that judgment have been reversed for any of the causes assigned in the district court ? The first error there assigned, was that the court of common pleas erred in sustaining the demurrer of plaintiff' below to defendants’ second ground of defense, in their original answer contained.
The record does not show that any such demurrer was interposed by plaintiff' below or sustained by the court. The alleged error, not appearing on the record, can not be •considered.
The second error assigned was, “ that the said court erred in sustaining the challenge and objection of said David W. Stockstill to James M. Roberts as a juror in said cause, and in excusing, excluding, and discharging from the jury, in said trial of said case, the said James M. Roberts.” ‘
The act of 1831, relating to juries, after specifying a number of principal causes of challenge, provides that •“Any petit juror, . . . against whom no principal' *426 cause of challenge can be alleged, may, nevertheless, be-challenged on suspicion of prejudice against, or partiality for either party, or for want of a competent knowledge of the English language, or any other cause that maj^ render him, at the time, an unsuitable juror; and the validity of such challenge shall be determined by the court.” S. & C. 754.
The enforcement of this provision necessarily involves-the exercise of a large discretionary power by-the court. The objection here is, not that an improper person was retained on the panel, but that a particular person was excluded therefrom. Nothing short of a clear abuse of discretion would justify a reversal of the judgment for this exclusion. We think the circumstances shown furnished such reasonable ground for suspicion of partiality on the part of the juror, Roberts, as would justify the action of the-court. His son, with whom he resided, was the brother-in-law of Neal, one of the plaintiffs in error. Two days before the trial, after the petit jury must have been drawn, and Roberts was found to be one of them, Mr. Neal saw fit to visit his brother-in-law, and stay there over night with the juror. He may not have tampered with him, or brought any improper influences to bear upon him; and under the-disavowals of the juror, on his voir dire, the overruling of the challenge might, not have been reversible on error; still it is clear that Neal had full opportunity for influencing the mind of the juror — he had voluntarily placed him in circumstances calculated to excite suspicion, and the degree of credence to be given to his disavowals could be-much more correctly determined by the court below, in whose presence he testified, than by a reviewing court. We can not, therefore, say that the court erred in sustaining the challenge to this juror.
It is claimed, thirdly, that the court erred in overruling the objection of defendants below to the evidence offered by plaintiffs below, and in admitting the same.
The record shows that plaintiff below offered in evidence :- First. The contract for the sale and assignment of the pat *427 ent right in question, by the said William Serviss, to the plaintiff below, dated July 27, 1867, the execution of which was admitted by defendants below; Second. The bond on which the suit was brought, as set out in the petition, the execution of which was also admitted; Third. The record of a judgment in the court of common pleas of Shelby county, Ohio, recovered by William P. Reed, against defendant in error, for $2,123.66, on two of the notes given by him to Serviss and Neal, in payment for said patent right, and transferred and assigned by them to said Reed.
Fourth. The plaintiffs then produced D. W. Stockstill, one of the plaintiffs, who testified that he made the following payments on said judgment above referred to :
October 7,1869 ...................................$ 94 95
Costs on same..................................... 94 00
April 24, 1871.................................... 550 00
He further testified, that on the 7th day of March, 1868, one of the notes, described in the petition, dated August 1, 1867, and payable two montiis after date, for $1,000, was assigned by the payees therein to B. W. Maxwell, and that he, Stockstill, paid to Maxwell, on and in satisfaction of said note, on April 15, 1871, $942 57.
It was admitted that these were the notes given by the plaintiff to* Serviss and Neal, and covered by the bond in suit.
Fifth. The plaintiff then gave, in evidence, the certified copy of the letters patent, which were obtained by Serviss and Neal for their invention.
Sixth. Also the certified copies of papers under the certificate of the acting commissioner of patents, with the seal of the patent office thereto.
Seventh. Also the sheet-iron models of the alleged invention.
The defendants objected, severally and successively, to each and every item and part of all said evidence, but the court overruled each and all said objections, and admitted each and every item and part of said evidence, to which *428 defendants excepted in each and every instance, except only that no objection was made to the introduction of said letters patent, or said models, or the said record of the judgment.
In offering the certified copies from the patent office, plaintiff’s counsel stated that they offered the entire paper, .as certified by the commissioner of patents, because it was .an entire paper, hut did not read the same to the jury at the time of offering the same. They also stated that they desired to offer only the certified copy of the specifications .and amendments thereto, and the action of the commissioner and examiners upon the application; but counsel for defendant, in open court, insisted that, if any part went in, the whole paper should be regarded in- evidence, to which plaintiff’s counsel then agreed.
The plaintiff then rested, and no more evidence was • given for him.
We are unable to see how the plaintiffs in error could have been prejudiced by the introduction of any of this evidence ; or for what reason it should have been held to be incompetent. The bond offered in evidence was fully set -out in the petition, and was not denied by the answer. The •contract which gave rise to it, and which is referred to in the recitals of the bond, was admitted to have been executed by Serviss, and though it was in fact dáted on the 27th of July, 1867, whereas the bond sued upon refers to the sale as having been made on the 1st of August, 1867, yet this apparent discrepancy was no ground for its exclusion. The contract of sale was probably written and signed by Serviss on the day of its date, July 27, though not delivered until August 1, at which time the notes given by the Stockstills bear date. Defendants below admitted its •execution, and do not appear to have claimed that any other contract of sale was referred to in the recitals of their bond.
One of the main issues of fact, to be tried by the jury, was as to the identity of the invention for which letters patent were obtained and tendered to plaintiff below, and the invention described in the application and specifications *429 pending in tbe patent office at tbe time when the contract an d bond were executed.
The duly certified documents which plaintiff below desired to give in evidence, tended to show that a patent was refused by the proper department, on the application ponding at the time the sale and bond were made; and that no patent was issued until, a material portion of the claim made by the applicants was subsequently withdrawn by them, and their specifications were substantially amended by corresponding limitations. We think this evidence was both relevant and competent, and if any other documents accompanied this evidence, they were submitted to the jury at the request of plaintiffs in error. And we see no ground of objection to the oral testimony of D. W. Stockstill, nolis any suggested in argument. To the residue of the evidence offered by plaintiff below, no objection was taken.
The fourth assignment of error is, that the court erred in refusing to give to said jury the instructions which were’ prayed for by the defendants below.
The instructions asked for were very numerous, embracing no fewer than twenty-several propositions : The fourth was given, the rest were refused, though some of them were substantially embraced in the charge as given by the-court. We shall consider them in detail no farther than we understand them to be relied on in argument. At the date of the bond in suit, Serviss and Neal had an application pending in the pateut office, at Washington, for letters patent for a certain invention, alleged to have been discovered by William Serviss, for the manufacture of fruit cans,, in three methods, differing in details, though depending, to-some extent, on the same general principle. Eor one of these methods, a patent was obtained, and tendered toplaintift below. But for one or more of these methods a, device similar in-principle was found to have been in previous use by manufacturers, and a patent was therefore refused, until Serviss and Neal withdrew their application- and specifications, so far as those methods were concerned. Defendants below asked the court to -charge, in substance,. *430 that if the patentee could legally manufacture cans in each of the ways specified in the original application, then the plaintiff below could not recover, though the claim as to some of those ways was abandoned before the patent was issued. We think the instructions to this effect were properly refused. The plaintiff below had purchased the exclusive right to manufacture cans in each of the modes proposed. If the patent issued conferred no exclusive right to manufacture in each of these modes, the plaintiff below was not bound to accept its transfer.
The court was asked to instruct the jury that if they found that Serviss failed to procure letters patent for the invention mentioned in the bond sued on, the plaintiff could recover no damages, except the value of the letters patent to which he was entitled. This instruction was projjerly refused. The plaintiffs in error were not bound to procure and assign to the plaintiff* below, letters patent. But if they failed to do so, they were bound to return to him the promissory notes which he had executed and delivered to them. If they failed to do either, the proper measure of damages was the amount which the plaintiff below would reasonably have to pay, and which he did in fact pay, in ■order to lift these notes which he found hi the hands of bona fide assignees.
Plaintiffs in error also asked the court to instruct the jury, that the plaintiff below could not recover the ten per cent, interest paid by him in satisfaction and discharge of his note which he had lifted from Maxwell, to whom it had been transferred by plaintiffs in error. The record does not show that plaintiff' below paid interest at the rate of ten per cent, in lifting either of his notes from the parties to whom they had been transferred ; but it does show that they were each lifted and discharged by the payment of ■sums less than the principal named on their face, with interest thereon at the rate of six per cent. This must have been done'by compromise, and beiug beneficial to plaintiffs in error, they have no- reason to complain of the arrangement. They should have lifted the notes themselves, and *431 have returned them to plaintiff below. Failing to do so, they would have no right to complain if he had paid the full amount of principal and interest due upon them. The instruction asked on this subject was therefore properly refused..
Plaintiffs in error claimed upon the trial, and offered to prove, that at the time the contract was made, they had exhibited to plaintiff below but one model, and they asked the court to instruct the jury, that if they had not represented their application as covering any thing more than the mode of manufacture shown by this model, then the plaintiff below could not recover. The proof thus offered, and the instruction asked, was properly refused by the court. ,The contract of the parties was in writing, and could not be thus varied by parol evidence. The written contract-was for the assignment of the exclusive right to use an invention “ fully set forth in the specifications prepared and executed by Serviss, preparatory to the obtaining of letters patent therefor.” These specifications were the only proper evidence of what was sold. By some of the instructions prayed for, the court was asked to say to the jury that the letters patent, an assignment of which was tendered to the plaintiff below, included and covered the invention described in the contract between the parties. But this was a question of fact, to be determined by the jury according to the evidence in the case, and was properly submitted by the court to the jiiry for its finding thereon.
Again, it is claimed that the court.of common pleas erred, to the prejudice especially of Frazer, who was a surety on the bond in suit, in refusing to give to the jury the eleventh instruction asked upon the trial, as follows: “ If the note mentioned in the petition, for $1,000, payable two months after date, was assigned to Maxwell after it became due, and Stockstill voluntarily paid it, the plaintiffs can recover nothing by reason of such payment if they failed to give notice to Frazer to defend against payment.”
If the consideration of the note had failed, by the inability of Serviss to obtain such a patent as he had agreed *432 to obtain and assign to Stockstill, then, upon the refusal of Stockstill to accept the patent tendered him, it was the-duty of Serviss to return and surrender the promissory notes which he had received from Stockstill. For the faithful performance of this duty, Frazer, as well as the, other obligors of the bond, were bound by their covenants. But in disregard of their stipulations, the notes were afterward sold and transferred tó other parties, as valid choses in action. Stockstill was sued upon one of them, and attempted a defence, which proved to be unsuccessful. To avoid a suit upon another he lifted it by a compromise with the-holder. When, by a breach of their bond, the necessity was imposed upon the plaintiff’ below either of paying the notes, or litigating with the holders, they have no right to complain of his choice between the hardships to which he was thus wrongfully subjected.
Their main defense in the action, as shown by their' answer, and by the evidence offered on -the trial, was that their contract had been fully performed, on their part, by the procuring and tendering to plaintiff below of a patent for the invention, the right to which they had sold to him; that they were not bound to return the notes, but that he was legally bound for their payment. The surety, Frazer, united with the other defendants below in this defense, which is quite inconsistent with the claim that payment should not have been made without notice to him..We think there was no error in refusing to give the instruction asked.
Exception was also taken, by plaintiffs in error, to the-charge given 'by the court to the jury. The bill of exceptions states : “ The defendants excepted to the charge as given, and to each and every part thereof.”
This exception is too general and indefinite to justify consideration by a reviewing court. A party desiring to except to the charge of a court ought to call the attention of the judge to the precise points as to which he is supposed to have erred, and thus give him an opportunity to consider the questions intended to be raised. This is the *433 object of the code in requiring an exception to be taken at the time. But an exception to the charge generally, “ and to every part of it,” without specifying any supposed error, or showing the grounds of the exception, wholly fails to accomplish this object, and is not to be regarded by a reviewing court. Adams v. The State, 25 Ohio St. 584; P., Ft. W. & C. R. R. Co. v. Probst, 30 Ohio St. 104.